UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VERNON ADDERLEY,

                              Plaintiff,

      v.

DR. D. SUMMERS., *et al.*,

                              Defendants.

No. 18-CV-11471 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, District Judge:

        Vernon Adderley ("Adderly" or "Plaintiff") brings this Action against Dr. D. Summers ("Summers"), Mr. Nielson ("Nielson"), and Health Services at Ottisville Correctional Facility ("Health Services" and collectively, "Defendants") under 42 U.S.C. § 1983, alleging deliberate indifference to medical needs after Plaintiff suffered a stroke. (*See* Compl. (Dkt. No. 1.))

        Defendants Nielson and Health Services were served, (*see* Dkt. Nos. 13, 15), but they never filed an Answer or otherwise responded to the Complaint. (*See* Dkt.) Defendant Summers was never served. (*See* Dkt. No. 13.) Plaintiff has not communicated with the Court regarding this Action since March 5, 2019. On March 8, 2022, the Court issued an Order directing Plaintiff to show cause, by no later than 20 days from the Order as to why this case should not be dismissed for failure to prosecute. *See Armstrong v. Guccione*, 470 F.3d 89, 103 n.1 (2d Cir. 2006) (noting that "a federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute" (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 630–32 (1962)). The Order also directed Plaintiff to apply for the entry of default judgments against Defendants Nielson and Health Services in accordance with the Court's Individual Rules of Practice for Default Judgment Proceedings by no later than March 28, 2022, or risk dismissal of this Action for

failure to prosecute.  *See, e.g.*, *Rios v. Zion Farm LLC*, No. 19-CV-4363, 2021 WL 2383026, at *1 (S.D.N.Y. June 9, 2021) (dismissing case for failure to prosecute where "[the] [p]laintiff was directed to move for a default judgment . . . or show cause why th[e] action should not be dismissed . . . for failure to prosecute" and "[the] [p]laintiff [took] no action").  A copy of the Order was sent to Plaintiff.  To date, Plaintiff has not responded to the Order to Show Cause or otherwise communicated with the Court.  (*See* Dkt. (entry for March 8, 2022).)  Accordingly, the Court dismisses the Action for failure to prosecute.

      This Court has the authority to dismiss a case for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order."  Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte.  *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link*, 370 U.S. at 630).

      While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *LeSane*, 239 F.3d at 209 (internal quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)).  However, it has also stated that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Hardimon v. Westchester County*, No. 13-CV-1249, 2014 WL 2039116, at *1 (S.D.N.Y. May 16, 2014) (alterations in original) (quoting *LeSane*, 239 F.3d at 209).  No single factor is dispositive. *See LeSane*, 239 F.3d at 210; *Hardimon*, 2014 WL 2039116, at *1.

The Court concludes that these factors weigh in favor of dismissal of this Action. The Order to Show Cause, which was mailed to Plaintiff's address on the docket, was returned to the Clerk of Court.  (*See* Dkt. (entry for March 24, 2022).)  Plaintiff was advised of his obligation to promptly submit a written notification to the Court in the event that his address changed, and that failure to do so may result in dismissal of the case. (*See* Dkt. No. 10 ("[I]t is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.").)  Nonetheless, as mentioned, Plaintiff has not communicated with the Court regarding this action in over three years.

Accordingly, Plaintiff's case is dismissed without prejudice for failure to prosecute.  *See, e.g.*, *Mena v. City of New York*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14,2017) (noting that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case"); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding the fact that the plaintiff "has not responded to efforts to contact her" weighs in favor of dismissal for failure to prosecute); *Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing

case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Smalls v. Bank of N.Y.*, Nos. 05-CV-8474, 07-CV-8546, 2008 WL 1883998, at *4 (S.D.N.Y. Apr. 29, 2008) (dismissing case for failure to prosecute where the court received no communication from the plaintiffs for nearly two months); *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005) ("Only the Plaintiff can be responsible for notifying the court and the Defendant of his updated address, and Plaintiff's failure to do so has made it impossible to provide him any notice.").

      The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   March 30, 2022
           White Plains, New York

                                                                           KENNETH M. KARAS
                                                                           United States District Judge